IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BETTY J. HAMILTON, for J.D.E., a minor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 120-104 |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned social security appeal *pro se* on July 22, 2020, and sought permission to proceed *in forma pauperis*. (Doc. nos. 1-2.) On July 24, 2020, the Court issued a briefing order explaining non-attorney parents generally must be represented by counsel in bringing an action on behalf of his or her child and directing Plaintiff to "show cause as to why the Court should not dismiss this case for improper representation" or obtain counsel and notify the court within sixty days. (Doc. no. 3.) Plaintiff did not respond to the show cause order. Nor has any legal counsel filed a notice of appearance or communicated with the Court.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v.

Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to respond to the show cause order, obtain counsel, or communicate with the Court amounts not only to a failure to prosecute, but also an abandonment of her case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that a failure to respond would result in a recommendation for dismissal. Furthermore, because Plaintiff sought to proceed IFP, the Court finds the imposition of monetary sanctions is not a feasible sanction.

While the Court is recommending dismissal without prejudice,[1] Plaintiff should consider that the practical effect of dismissal may be with prejudice. This is because a

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

claimant must commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).  This sixty-day deadline, however, "is not jurisdictional, but is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling."  Scott v. Colvin, Civ. A. No. 13-0106, 2013 WL 2452313, at *2 n.2 (S.D. Ala. June 5, 2013) (citing Bowen v. City of New York, 476 U.S. 467, 478-80 (1986)).  Nevertheless, the law is clear that the mere fact a complaint is dismissed without prejudice does not permit a plaintiff to later file a complaint outside the statute of limitations.  Christides v. Comm'r of Soc. Sec., 478 F. App'x 581, 584 (11th Cir. 2012) (*per curiam*) (citing Bost v. Federal Express Corp., 372 F. 3d 1233, 1242 (11th Cir. 2004)).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of September, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3